UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID BRANDT, on his own
behalf and on behalf of those
similarly situated,

    Plaintiff,

vs.

CASE NO.:

WELLS FARGO CLEARING
SERVICES, LLC,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, DAVID BRANDT ("BRANDT"), on his own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), was an employee of Defendant, WELLS FARGO CLEARING SERVICES, LLC, ("WELLS FARGO") (referred to as "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

1

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular rate of pay whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as

well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated employees time and one-half compensation for all of their hours worked over forty (40) each week.

7. This action is intended to include each and every Registered Client Associate (hereinafter collectively as "RCA") who performed services for Defendant at any time within the past three (3) years.

## PARTIES

8. Plaintiff, and those similarly situated individuals ("class members"), were hourly paid RCA's who performed services for Defendant throughout the state of Florida.

9. Defendant, WELLS FARGO, is a Delaware Corporation.

10. Defendant is in the business of providing banking and financial services to its customers.

## JURISDICTION

11. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

12. Defendant conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

13. At all material times during the last three years, Defendant, WELLS FARGO was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

14. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15. Based on information and belief, WELLS FARGO has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

16. At all times material, Defendant, WELLS FARGO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. telephones, computers, and/or office supplies).

17. Therefore Defendant, WELLS FARGO is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

## FACTUAL ALLEGATIONS

18. Defendant, WELLS FARGO is a company classified as a banking and financial institution.

19. Defendant employs numerous RCAs who perform services for Defendant throughout the state of Florida.

20. Defendant was an "employer" of Plaintiff under the FLSA.

21. BRANDT performed RCA duties for Defendant in its Orlando, Florida branch from approximately 2013 through December 2021.

22. Defendant paid Plaintiff and those similarly situated to him an hourly rate in exchange for duties performed on behalf of Defendant.

23. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of his/their regular job duties.

24. Plaintiff and those similarly situated to him were classified as "non-exempt" by Defendant.

25. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of his/their regular rate of pay for all hours worked over forty (40) in a workweek during one or more workweeks.

26. Defendant has a common pay policy and/or pay practice which fails to pay its RCAs at a rate of time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week.

27. For example, Plaintiff, and those similarly situated to him, were required to work certain hours without pay.

28. Plaintiff's supervisors and managers were aware that Plaintiff worked numerous hours for which he was not paid.

29. As a result, Plaintiff, and those similarly situated to him, has/have not been compensated for all hours worked in excess of forty (40) hours during one or more workweeks.

30. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated to him.

31. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §

201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

32. Defendant has acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff and the class members performed the same or similar job duties as one another in that they performed RCA duties on behalf of Defendant.

34. Plaintiffs and the class members were all hired by Defendant to perform RCA duties.

35. Defendant was an "employer" of the class members under the FLSA.

36. Plaintiff and the class members were all paid an hourly rate for the work performed.

37. Plaintiff and the class members worked similar hours, including more than forty (40) hours per week during one or more workweeks.

38. Plaintiff and the class members were each classified as "non-exempt" under the FLSA.

39. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated additional compensation for each of their overtime hours worked during one or more workweeks.

40. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek during one or more workweeks. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

41. Defendant's failure to compensate Plaintiff and the class members for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of refusing to pay them proper overtime compensation based on its uniform policy to avoid the payment of some or all overtime, applicable to all putative class members herein.

42. These policies or practices were applicable to Plaintiff and the class members.

43. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All hourly paid Registered Client Associates ("RCA") who worked for Defendant in Florida within the last three (3) years and who were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.**

44. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

45. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

46. Defendant did not have any good faith basis for its failure to pay Plaintiff, and those similarly situated to him, his/their proper overtime compensation.

47. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47 above.

49. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek.

50. During his/their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours, but were not paid time and one-half compensation for each of those hours.

51. Defendant was aware of the overtime hours worked by Plaintiff and its other RCAs.

52. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and those similarly situated to him time and one-half his/their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to him, have suffered damages, plus incurring reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them;
>
> c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: February 23, 2022

Respectfully submitted by,

_____
Kimberly De Arcangelis, Esq.
Bar No.: 0025871
C. Ryan Morgan, Esq.
Bar No.: 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
           rmorgan@forthepeople.com
*Trial Attorneys for Plaintiffs*